**In re CMS ENERGY ERISA LITIGATION.**

No. 02–CV–72834.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 27, 2004.

Lynn Lincoln Sarko, Derek W. Loeser, Keller Rohrback, L.L.P., Seattle, WA, Co–Lead Counsel for Plaintiffs.

Ellen M. Doyle, Malakoff Doyle & Finberg, P.C., Pittsburgh, PA, Co–Lead Counsel for Plaintiffs.

Jeffrey T. Meyers, Morgan & Meyers PLC, Dearborn, MI, Liaison Counsel for Plaintiffs.

Michael G..Wilson, James E. Brunner, Julio Mazzoli, Consumers Energy Company, Legal Department, Jackson, MI, Counsel for Defendant Consumers Energy Company.

Wilbur H. Boies, Nancy G. Ross, Chris C. Scheithauer, McDermott, Will & Emery, Chicago, IL, Counsel for Defendants CMS Energy Corp.; CMS Marketing, Services and Trading Company; Finance & Pension Committee; Laura L. Mountcastle; Victor J. Fryling; Estate of Thomas A. McNish.

Samuel C. Damren, Dykema Gossett PLLC, Detroit, MI, Counsel for Defendant David W. Joos.

Sheldon Klein, Philip J. Kessler, Butzel Long, P.C., Detroit, MI, Counsel for Defendant William T. McCormick, Jr.

William A. Sankbeil, Fred K. Herrmann, Kerr, Russell and Weber, PLC, Detroit, MI, Local Counsel for Defendant Tamela Pallas.

Richard A. Rossman, James Vandewyngearde, Mary K. Deon, Pepper Hamilton LLP, Detroit, MI, Local Counsel for Defendant Allan M. Wright.

James K. Robinson, Scott Lashway, Cadwalader, Wickersham & Taft, Washington, D.C., Counsel for Defendant Preston D. Hooper.

Robin L. Harrison, Campbell, Harrison & Dagley, LLP, Houston, TX, Co–Lead Counsel for Plaintiffs.

J. Brian McTigue, Bruce F. Rinaldi, Cornish F. Hitchcock, McTigue Law Firm, Washington, D.C., Co–Lead Counsel for Plaintiffs.

Barry D. Adler, Adler & Associates, Farmington Hills, MI, Liaison Counsel for Plaintiffs.

Thomas R. Cox, Todd A. Holleman, Miller, Canfield, Paddock and Stone, P.L.C., Detroit, Counsel for Defendants CMS Energy Corp.; CMS Marketing, Services and Trading Company; Laura L. Mountcastle; Victor J. Fryling; Estate of Thomas A. McNish.

Andrew J. Levander, Neil A. Steiner, Phil Meyers, Sheri L. Steinberg, Swidler Berlin Shereff Friedman, LLP, New York City, Counsel for Defendant David W. Joos.

David M. Zinn, Gerald A. Feffer, Ryan T. Scarborough, Williams & Connolly LLP, Washington, D.C., Counsel for Defendant William T. McCormick, Jr.

James G. Munisteri, Andrea Treiber Cutter, Gardere Wynne Sewell LLP, Houston, TX, Counsel for Defendant Tamela Pallas.

Lewis J. Liman, Adam Itzkowitz, Cleary, Gottlieb, Steen & Hamilton, New York City, Counsel for Defendant Allan M. Wright.

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION AND TO APPOINT ADDITIONAL CLASS REPRESENTATIVE

STEEH, District Judge.

### INTRODUCTION

Before the court are plaintiffs' motions to appoint an additional class representative, Mr. Danny Jordan, and for certification of a class (the "Class") under Fed.R.Civ.P. 23(b)(1)(A), 23(b)(1)(B), or 23(b)(2). Because the court agrees the requirements of Rule 23(a) are met, and that the action may be maintained as a class action, it will grant both plaintiffs' motion to certify a class under Fed.R.Civ.P. 23(b)(1)(B) and 23(b)(1)(A) and plaintiffs' motion to appoint Mr. Jordan as an additional class representative.

### BACKGROUND

The plan at issue in this ERISA litigation is a retirement plan, established and sponsored by CMS and subsidiaries Consumers and CMS MST as an employee benefit. The Plan has two components which both allow for investment in CMS stock: 1) a 401(k) Savings Plan, where employees direct their contributions into an investment of their choosing (the 401(k) plan gives employees 10 investment options, including Fund CS, which consists primarily of CMS stock), and 2) an Employee Stock Ownership Plan (ESOP), where the employer matched contributions made by employees up to three percent of an employee's salary. Incentive contributions were sometimes contributed to participating employees' ESOP accounts as well.

The ERISA claims in this litigation stem from transactions engaged in by CMS–MST, a subsidiary to CMS, from mid–2000 through January 2002. CMS is alleged to have engaged in "round-trip" electricity trades, where purchases and sales of electricity happened simultaneously, with the same parties

and the same price. The ACC alleges that these trades, while having no effect on the net earnings of CMS, indicated an increased buying and selling volume, by including $4.4 billion of revenues and expenses which "had no economic substance, violated GAAP and rendered the financial statements of CMS materially false." The CMS stock price is alleged to have dropped after CMS voluntarily stopped making round trip trades in January 2002, and an investigation of the practice became public in May 2002.

Plaintiffs' motion for certification of a class ("Class") is made under Fed.R.Civ.P. 23(b)(1)(A), 23(b)(1)(B) and (b)(2). The proposed Class would be defined as:

> All participants in the Employees' Savings and Incentive Plan of Consumers Energy Co. (the "Plan") and their beneficiaries, excluding the Defendants, for whose accounts the fiduciaries of the Plan made or maintained investments in CMS Energy Corporation stock through the Plan's Fund C Investment Fund, the Fund CS Investment Fund, the Fund CE Investment Fund, and the TRASOP Fund (collectively the "CMS Stock Funds") or otherwise between August 3, 2000 and the present.

Plaintiffs also move to add a new class representative, Mr. Danny Jordan, in addition to named plaintiffs Ms. Karen Potter and Mr. Roger Schilling. The court's discussion of and determination on these motions is set forth below.

## ANALYSIS

### ADDITIONAL CLASS REPRESENTATIVE

Plaintiffs have moved to add Mr. Jordan as class representative, in addition to Ms. Potter and Mr. Schilling, because Mr. Jordan obtained CMS shares through both employer matching contributions and his own contributions to the Plan, whereas Ms. Potter and Mr. Schilling received shares only as a result of employer matching contributions.

Mr. Jordan's deposition transcript indicates an understanding fulfilling the adequacy prong of the Fed.R.Civ.P. 23(a) requirements, set out in more detail below. Although the court sees no requirement for a formal amendment to the complaint at this point in time, under such an analysis,

the court can predict no prejudice to the defendants in granting this request. As plaintiffs point out, defendants have already taken the deposition of Mr. Jordan, and were able to respond to this request in their opposition to plaintiff's motion for class certification. Furthermore, the court notes that in that response defendants did not strongly contest the addition of Mr. Jordan as a class representative. The court will grant plaintiffs' request.

### CLASS CERTIFICATION

Plaintiffs assert in their motion that certification is appropriate, as the numerosity, commonality, and typicality conditions of Fed.R.Civ.P. 23(a)(1)–(3) have been met, and because, as required by 23(a)(4), the proposed representative parties will fairly and adequately protect the Class' interests. Plaintiffs next contend the action may be maintained as a class action under Fed. R.Civ.P. 23(b), and request that the court appoint Ellen M. Doyle, Brian McTigue, Lynn Lincoln, and Robin Harrison (representatives from four different national law firms) as class counsel.

As defendant's response brief sets out, plaintiffs must demonstrate that class certification is appropriate under these circumstances. After the movant has demonstrated that the action satisfies the prerequisites of Rule 23(a), which defendants dispute, that party must also demonstrate that the case falls under one of the subsections of Rule 23(b). *In re American Med. Sys., Inc.,* 75 F.3d 1069, 1079 (6th Cir.1996). It has been said that if the court has doubts about approving class certification, such questions should be resolved in favor of approval. *In re Ikon Office Solutions, Inc.,* 191 F.R.D. 457, 462 (E.D.Pa.2000) (citing *Eisenberg v. Gagnon,* 766 F.2d 770, 785 (3rd Cir.1985)). Nonetheless, defendants contend that plaintiffs cannot meet the requirements of Rule 23, as set forth below.

*1. Fed.R.Civ.P. 23(a)*

This section of the rule sets forth that

> [o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is

impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

### a) 23(a)(1): Numerosity

■ Defendants' first in a series of arguments against the certification requested by plaintiffs is that the numerosity requirement of 23(a)(1) is not met, as the plaintiff is actually the Plan, rather than cumulative claims of multiple individuals. Defendants cite to this court's order of March 31, 2004, which found that the complaint stated a claim for "Plan-wide relief" rather than individual relief. Defendants point out that plaintiffs' recovery depends on the Plan, and is automatic regardless of their status as class members.

As plaintiffs contend, this argument lacks merit. To support their position, defendants cite only to dicta from the case of *In re McKesson HBOC, Inc. ERISA Litig.,* No. 00–20030, 2002 WL 31431588 (N.D.Cal. Sept. 30, 2002), where class certification was not before the court. The court acknowledges that recovery for a breach of fiduciary duty goes to the Plan. *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 91–92 (6th Cir.1997). However, as ERISA itself provides, a civil action under § 502(a) may be brought "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under § 1109 of this title." 29 U.S.C. § 1132(a)(2). Furthermore, courts have repeatedly certified actions brought under ERISA § 502(a)(2) as class actions, as noted in plaintiffs' briefs.[1] Such decisions appear to the court to be well within those courts' discretion, which this court finds properly exercised, and the court will not deny the motion to certify a class on this basis.

### b) 23(a)(2): Commonality

■ Plaintiffs assert that this requirement has been met because the "Complaint alleges a uniform, Plan-wide failure of Defendants to provide complete and accurate information to participants regarding CMS stock." (Brief in reply, p. 7, citing Complaint, ¶¶ 70–72, 96). The court agrees with plaintiffs that a case relied on by defendants, *Flanagan v. Allstate Ins. Co.,* 223 F.R.D. 489 (N.D.Ill.2004) is distinguishable, in that the *Flanagan* putative class members had received different pieces of information at varying points in time. That is not the situation here. The Complaint's allegations allege facts common to the claims of all plaintiffs in this litigation. Whether class representatives *themselves* chose CMS stock funds for purchase or whether those contributions were made on their behalf is not a critical distinction here. Plaintiffs cite to *Sprague v. General Motors Corp.,* 133 F.3d 388, 397 (6th Cir.1998), in their argument that the members of the class need only have a single issue in common, and then list issues all class members have in common in this litigation.[2] Brief in Support of Plaintiffs' Motion for Class Certification, pp. 7–8.

The court is convinced that any weaknesses in plaintiffs' arguments concerning the commonality of the issues in this litigation should not defeat their motion for class certification. Defendants' assertion, citing ERISA § 404(c), that their defense of "self-selection" of Plan investments by participants "outweighs" common issues, is not supported by authority. *Wiseman v. First Citizens Bank & Trust Co.,* 212 F.R.D. 482 (W.D.N.C.2003), cited by defendants, is not readily analogous to the instant case. Here, plaintiffs contend, the "single overriding common issue is whether CMS stock was an imprudent investment for the Plan." Plaintiff's Reply Memorandum in Further Support of Class Certification, p. 4. In *Wiseman,* the court considered affidavits submitted from proposed class members, which showed that

---

**1.** Plaintiffs persuasively cite to, e.g., Judge Cohn's case of *Rankin v. Rots,* 220 F.R.D. 511, 522–23 (E.D.Mich.2004); *In re Ikon Office Solutions, Inc.,* 191 F.R.D. 457, 462 (E.D.Pa.2000); and *Furstenau v. AT & T Corp.,* No. 02–5409 (D.N.J.2004).

**2.** E.g., whether defendants breached fiduciary duties in continuing to offer CMS stock; by "providing incomplete and inaccurate information to participants;" by failing in an obligation to prudently monitor Plan fiduciaries; and by enabling co-fiduciaries to breach duties owed to the Plan.

individuals' decisions made after a freeze on plan participants' control of their accounts was lifted invoked the defendants' ERISA 404(c) defense and required an individual analysis for each class member. *Wiseman,* 212 F.R.D. at 487. Plaintiffs have emphasized that the question is not whether the common issues predominate over individual issues, but whether common issues exist. *American Med. Systems, Inc.,* 75 F.3d at 1080. Plaintiffs have persuaded the court that common issues, the resolution of which would advance the litigation, certainly exist among members of the proposed class.

### c) 23(a)(3): Typicality

■ Plaintiffs assert the typicality requirement is met here because their claims stem from the same alleged facts and circumstances as do those of all class members' claims. Further, plaintiffs argue that because any recovery here inures to the Plan, all class members are seeking the same relief, which "buttresses" the assertion that plaintiffs' claims are typical.

Defendants focus their anti-certification argument concerning typicality on the second count of the Complaint, asserting under *Flanagan* that each count must meet the standard for class certification. Plaintiffs contend that Count II, alleging misrepresentation, would require individualized inquiry of each class member concerning what misrepresentation each was subject to and any actions taken *by that individual* as a result of such misrepresentation. Arguing this claim would require vastly disparate analysis, defendants assert class certification would be inappropriate.

Plaintiffs argue in reply that defendants' argument fails because in this case, as opposed to the *Flanagan* case, the inquiry will concern defendants' behavior in *failing* to provide information concerning "the Company's perilous decision to embark on a massive round-trip trading bonanza." Plaintiffs' Reply Brief, p. 14. They distinguish the *Flanagan* matter, which dealt with "statements made at different times to different class members." *Id.* (quoting *Flanagan,* 223 F.R.D. at 495). Finally, plaintiffs assert that whether proposed representatives Ms. Potter and Mr. Schilling voluntarily invested in CMS stock is "purely academic," pointing to

proposed representative Mr. Jordan, and his voluntary contributions to the Plan in CMS stock.

The court agrees with plaintiffs concerning the distinctions between this case and *Flanagan.* The court finds that the claims of Ms. Potter, Mr. Schilling and Mr. Jordan are sufficiently typical of the proposed class to satisfy the Fed.R.Civ.P. 23 typicality requirement.

### d) 23(a)(4): Adequacy of Class Representatives

Under this section of the rule, the representative 1) must have common interests with the unnamed class members; and 2) will vigorously prosecute, using qualified counsel, the interests of the class. *See, e.g. In re American Med. Sys., Inc.,* 75 F.3d 1069, 1083 (6th Cir.1996).

Concerning the second requirement, defendants make no serious attack on plaintiffs' ability or intent to vigorously prosecute this case via qualified counsel. Nor does the court have any real question about this requirement. The court agrees with plaintiffs that the proposed class representatives' deposition testimony (exhaustively cited to by plaintiffs, see Reply Memorandum, p. 18) demonstrates an adequate understanding of the facts and allegations to qualify them under this requirement. Counsel for plaintiffs, furthermore, is clearly qualified to prosecute this case, as they have demonstrated with vigor to date.

■ Turning to the first prong of this requirement, defendants' assertion that Ms. Potter and Mr. Jordan lack standing to bring the claims in this lawsuit is not persuasive. As Hon. Avern Cohn found in ·the *Rankin* matter, if an individual automatically loses standing to sue under ERISA § 502(a) via the termination of his or her participation in the Plan, a "fiduciary could defeat an employee's standing to bring an ERISA action by duping him into giving up his right to participate in a plan. ERISA should not be construed to permit the fiduciary to circumvent his ERISA-imposed fiduciary duty in this manner." *Rankin,* 220 F.R.D. at 519 (quoting *Swinney v. General Motors Corp.,* 46 F.3d 512, 518 (6th Cir.1995)). As in the

*Rankin* matter, the named plaintiffs here (as well as Mr. Jordan) were participants in the Plan during a time when alleged breaches of fiduciary duty occurred.

Furthermore, the court agrees with *Rankin*'s analysis of *Bona v. Barasch,* 2003 WL 1395932 (S.D.N.Y. Mar. 20, 2003), and *Renton v. Kaiser Found. Health Plan, Inc.,* No. C00–5370, 2001 WL 1218773 (W.D.Wash. Sept. 24, 2001) (unpublished), and finds *Crawford v. Lamantia,* 34 F.3d 28 (1st Cir. 1994) equally inapplicable. The *Crawford* opinion relied on by defendants affirmed the district court's entry of summary judgment for the defendant-trustees. The opinion focused on the issue of standing, as the plaintiff had failed to show that the defendants' alleged overvaluing of stock had "a direct and inevitable effect on *his* benefits." *Crawford,* 34 F.3d at 33. Here, we are not yet to the summary judgment stage of the proceedings, and the court will not accept defendant's contention that ERISA's terms operate to exclude potential class members simply through payment of vested benefits which were arguably affected through the defendants' alleged breaches of fiduciary duties. Because we are not at the stage in the proceedings where plaintiffs need *demonstrate* the extent of the alleged effects, the court finds the *Crawford* case to be unhelpful.

Accordingly, despite defendants' arguments with respect to this section of the rule, the court is persuaded that the named plaintiffs, including Mr. Jordan, are adequate to serve as class representatives.

### 2. Fed.R.Civ.P. 23(b)

After their arguments on the requirements of Fed.R.Civ.P. 23(a), plaintiffs request certification under Fed.R.Civ.P. 23(b)(1), and alternatively 23(b)(2)[3]. The court agrees that certification is appropriate under 23(b)(1)(B) and/or 23(b)(1)(A), for the reasons that follow.

Fed.R.Civ.P. 23(b)(1)(B) states that after 23(a) requirements have been satisfied, a class action may be maintained "if adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests...." Plaintiffs assert this subsection is "tailor-made for allegations of a breach of defendants' fiduciary obligations to the plaintiffs," and point out advisory committee notes, which gave examples of actions contemplated by this subsection, such as claims of "breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust." Fed.R.Civ.P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment).

The court agrees with plaintiffs that the claims in this litigation, alleging defendants' breaches of fiduciary and co-fiduciary duties through their 1) failure to prudently manage Plan assets, 2) failure to provide complete and accurate information to participants and beneficiaries, and 3) failure to monitor Plan fiduciaries, are brought by definition in a representative capacity, as damages awarded would inure to the plan as a whole. *See Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 91–92 (6th Cir.1997). This fact demonstrates that plaintiffs' claims "as a practical matter" would "be dispositive of the interests of the other members not parties to the adjudication." Fed.R.Civ.P. 23(b)(1)(B).

Precedent cited by plaintiffs is more convincing on this issue than those cited by defendants. Defendants cite to the *IPALCO* decision, *Nelson v. IPALCO Enter. Inc.,* 2003 WL 23101792 (S.D.Ind. Sept. 30, 2003), which found that "individual issues of reliance and causation," among other factors, made Rule 23(b)(3) the more apt subsection for certification in that matter. In contrast to that case, in the Third Circuit, certification has been approved where there were "extreme individual questions of reliance or causation so long as there are similar legal theories underlying the various injuries." *Ikon,* 191 F.R.D. at 465, citing Eisenberg, 766 F.2d at 786–87. As Judge Cohn found in his Kmart class certification decision, the appropriate focus is whether the alleged statements—or omissions, here—are asserted to have been effect-

---

**3.** Plaintiffs' request made under 23(b)(2) will not be addressed, as the court has found that certifi- cation is appropriate under the preceding provisions.

**546**

ed on a class-wide basis. *Rankin,* 220 F.R.D. at 522–23; *see also Ikon,* 191 F.R.D. at 465 (citing *Bunnion v. Con. Rail,* 1998 WL 372644 at *6 (E.D.Pa. May 14, 1998)). The court finds that the answer to this question is in the affirmative, and, as discussed above, agrees with the statement in the *Rankin* decision that "[t]his is not a case where defendants are alleged to have had individualized communications with a participant." *Id.* at 523.

The court does not find defendant's arguments against a 23(b)(1) certification, relying on the IPALCO decision, convincing. There are no allegations that subgroups of Plan participants were treated differently or on an individual basis by the defendants. Although defendants admonish the court with the obvious statement that *Rankin* "does not *govern* this situation," the court agrees with plaintiffs that the issues before this court and Judge Cohn in *Rankin* have a number of similarities, and that the reasoning in IPALCO is not persuasive here.

Fed.R.Civ.P. 23(b)(1)(A) provides that a class action may be maintained after satisfaction of 23(a) requirements, if "the prosecution of separate actions by or against individual members of the class would create a risk of . . . inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class . . . ." The distinction between 23(b)(1)(A) and 23(b)(1)(B) is that "23(b)(1)(A) considers possible prejudice to the defendants, while 23(b)(1)(B) looks to possible prejudice to the putative class members." *Ikon,* 191 F.R.D. at 466 (citing *Bunnion,* 1998 WL 372644 at *13). Here, as in the *Ikon* case, failure to certify could risk inconsistent rulings concerning fiduciary status of the defendants and materiality of alleged omissions. *Ikon,* 191 F.R.D. at 466. The court's ruling, therefore, is to grant plaintiff's requested class certification, under both 23(b)(1)(A) and (b)(1)(B).

**4.** This conditional order recognizes the "court's duty to reassess class certification decisions in light of the case's development," *Ikon,* 191 F.R.D. at 463 (citing *Barnes v. American Tobacco Co.,* 161 F.3d 127, 140 (3rd Cir.1998)), and that class certification is conditional pending judgment.

*CONCLUSION*

For the reasons stated, the court hereby conditionally [4] GRANTS plaintiffs' motion for class certification of the following-defined class:

All participants in the Employees' Savings and Incentive Plan of Consumers Energy Co. (the "Plan") and their beneficiaries, excluding the Defendants, for whose accounts the fiduciaries of the Plan made or maintained investments in CMS Energy Corporation stock through the Plan's Fund C Investment Fund, the Fund CS Investment Fund, the Fund CE Investment Fund, and the TRASOP Fund (collectively the "CMS Stock Funds") or otherwise between August 3, 2000 and a date to be determined [5].

Plaintiffs' motion to appoint an additional class representative is also GRANTED, for the reasons set forth above. The court hereby appoints Roger D. Schilling, Karen Potter, and Danny Jordan as class representatives in this action.

IT IS SO ORDERED.

**5.** Although plaintiffs' motion proposed a definition with an end date of "the present," given the discussion at oral argument, the court will adopt this definition.