John **CALTAGIRONE** and Brenda **Greenblatt, on behalf of themselves and a class of persons similarly-situated, and on behalf of the New York Community Bank Employee Savings Plan, Plaintiffs,**

v.

**NEW YORK COMMUNITY BANCORP, et al.,**
**Defendants.**

**No. 04–CV–4872(LDW).**

United States District Court,
E.D. New York.

Feb. 6, 2006.

Stull, Stull & Brody by Edwin J. Mills, Esq., New York City, for Plaintiffs.

Katten Muchin Roseman LLP by Jonathan G. Rose, Esq., David H. Kistenbroker, Esq., Pamela G. Smith, Esq., Ryan Liebl, Esq., & Julie Pechersky, Esq., Washington, DC, for Defendants.

## MEMORANDUM & ORDER

WEXLER, District Judge.

This is a case brought pursuant to the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1132. Plaintiffs John Caltagirone ("Caltagirone") and Brenda Greenblatt ("Greenblatt") (collectively "Plaintiffs"), allege that Defendants are liable for mismanagement of the New York Community Bank Employee Savings Plan (the "NYCB Plan") in violation of various fiduciary duties set forth in ERISA, see 29 U.S.C. § 1104. The action is styled as a class action pursued on behalf of Plaintiffs and those who are allegedly similarly situated. Plaintiffs define the class to include individuals who are present and former participants and beneficiaries ("Participants") in the NYCB Plan, for whose account shares of New York Community Bancorp, Inc. ("NYCB") were held at any time between December 31, 2002 through and including February 4, 2005 (the "Class Period"). Named as defendants are the Plan administrator which acted as a fiduciary with respect to the Plan as well as other Plan fiduciaries and administrators during the Class Period.

Plaintiffs have moved for class certification. Defendants oppose certification and seek dismissal of Plaintiffs' Amended Complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the ground that Plaintiffs lack standing. For the reasons set forth below, Defendants' motion opposing class certification and for dismissal is granted with respect to Plaintiff Caltagirone. With respect to Plaintiff Greenblatt, the motions must be denied due to the parties' submissions of conflicting factual information which cannot be resolved in the context of the present motions.

## BACKGROUND

### I. The Plaintiffs

#### A. Caltagirone

Plaintiff Caltagirone, a resident of New York, was an employee of Roslyn Bancorp ("Roslyn") until his termination on October 31, 2003. While an employee at Roslyn, Caltagirone was a participant in Roslyn's 401(k) savings plan (the "Roslyn Plan"). On November 1, 2003, the day after Caltagirone's termination, Roslyn merged with NYCB.

Those employees who remained at Roslyn after the merger ("Roslyn/NYCB Employees") became employees of NYCB. To the extent that Roslyn/NYCB Employees were participants in the Roslyn Plan, they became participants in the NYCB Plan. As a result of the merger, shares of Roslyn common stock, including those invested by the Roslyn Plan, were converted to shares of NYCB common stock. Thus, shares of Roslyn held by Roslyn/NYCB Employees, by virtue of their participation in the Roslyn Plan, were automatically converted to shares of NYCB, now held by the NYCB Plan.

In December 2003, after the merger, Caltagirone rolled over his Roslyn Plan account into an individual retirement account ("IRA"). At the time of this rollover, shares previously held as Roslyn shares had been converted to shares of NYCB common stock. Thus, at the time of the rollover, Caltagirone's IRA account held NYCB shares. Because, however, Caltagirone was terminated from his position at Roslyn the day before it merged with NYCB, he was never an employee of NYCB nor was he ever a participant in the NYCB Plan.

### B. *Greenblatt*

Plaintiff Greenblatt is a resident of New York. Plaintiffs' amended complaint alleges that Greenblatt was employed by "CFS Bank, a subsidiary of Tower, until approximately 2002." Defendants' papers make no reference to "Tower," but indicate that Greenblatt was employee of a bank known as "Haven," which was the holding company for CFS Bank ("CFS"). It appears that the reference to "Tower" may be a typographical error. There is no dispute, however, as to the fact that Greenblatt was employed by CFS and that on November 30, 2000, when CFS was merged into NYCB, Greenblatt became an employee of NYCB.

Defendants have submitted an affidavit indicating that when Greenblatt was employed by CFS, she was a participant in the CFS 401(k) retirement savings plan. She is alleged to have contributed to that plan until January 1, 2002 (more than two years after the merger of CFS into NYCB), when it was frozen to new contributions. Defendants further state that after the merger of CFS and NYCB, Greenblatt began contributing to the NYCB Plan but that her participation in that plan ended upon her termination in June of 2002—six months prior to the stated Class Period. Contradicting an express allegation in Plaintiffs' complaint with respect to

her account's ownership of NYCB stock, the defense affidavit states that Greenblatt never elected to purchase NYCB shares as part of her account.

Plaintiffs' memorandum of law submitted in opposition to the motion to dismiss neither reiterates the complaint's factual assertion regarding Greenblatt's ownership of NYCB stock during the Class Period nor attempts to address Defendants' affidavit regarding her stock ownership. The sole reference to Greenblatt in Plaintiffs' memorandum of law is that she was "joined in the case to beef up the representation of one of the employee subgroups, persons who worked at CFS Bank when it was acquired by NYCB."

## II. *The Complaint*

Plaintiffs allege that at all times relevant to the Complaint, the NYCB Plan was an employee benefit plan within the meaning of ERISA. The Plan provided a number of different options for investment of the Plan's assets, including NYCB common stock. Plaintiffs allege that both Caltagirone and Greenblatt are participants in the NYCB Plan.

Defendants are alleged to have had a duty to operate the Plan prudently and in the interests of its beneficiaries. Plaintiffs allege that it was a breach of defendants' ERISA duties to allow Participants to elect to invest retirement monies in shares of NYCB when the participants were not supplied with "timely, accurate and complete information." As a result of various acts of wrongdoing and breaches of duty, which are not necessary to detail here, the value of Plaintiffs' NYCB common stock is alleged to have diminished. Defendants are stated to be "personally liable to make good to the Plan losses resulting from" their breaches of fiduciary duty.

### III. The Motions

As noted, Caltagirone and Greenblatt bring this action in the form of a class action. Accordingly, they now move for class certification. Defendants oppose the motion and seek dismissal on the ground that neither Plaintiff has standing to pursue ERISA claims. *See Fisher v. J.P. Morgan Chase & Co.,* 230 F.R.D. 370, 2005 WL 2063813 *2 (S.D.N.Y.2005) (court must assess whether class representative has standing to sue prior to ruling on class certification motion). After outlining relevant legal principles, the court will turn to the merits of the motions.

### DISCUSSION

#### I. Legal Principles: Standards for Motions to Dismiss

When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff. *See Jaghory v. N.Y. State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997). Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *See Sec. Investor Protection Corp. v. BDO Seidman, LLP,* 222 F.3d 63, 68 (2d Cir.2000).

#### II. ERISA Standing

"ERISA is a 'comprehensive and reticulated statute,' which Congress adopted after careful study of private retirement pension plans." *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 510, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981) (quoting *Nachman Corp. v. Pension Benefit Guar. Corp.,* 446 U.S. 359, 361, 100 S.Ct. 1723, 64 L.Ed.2d 354 (1980)). When considering issues of standing, the Second Circuit has held that the statutory intent was to "afford standing to those within the zone of interests ERISA was intended to protect."

*Mullins v. Pfizer, Inc.,* 23 F.3d 663, 668 (2d Cir.1994) (citation omitted).

The Supreme Court has construed ERISA narrowly to allow only the stated categories of parties to sue for relief directly under the statute. *See Franchise Tax Board v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ("ERISA carefully enumerates the parties entitled to seek relief under [§ 502(a)(3)]; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action ...."). The Second Circuit has followed on these well-marked paths, stating that § 1132(a) "names only three classes of persons who may commence an action," those being: (1) a participant or beneficiary, (2) the Secretary of Labor, and (3) a fiduciary. *Chemung Canal Trust Co. v. Sovran Bank/Maryland,* 939 F.2d 12, 14 (2d Cir. 1991) (former fiduciary lacks ERISA standing); *see also Pressroom Unions–Printers League Income Sec. Fund v. Continental Assurance Co.,* 700 F.2d 889, 892 (2d Cir.1983) (rejecting standing of ERISA Plan itself on ground that § 1132(a) limits standing to a participant, beneficiary or fiduciary).

Plaintiffs assert two types of claims under ERISA: a claim under 29 U.S.C. § 1132(a)(2) and under § 1132(a)(3). Both sections authorize the pursuit of civil lawsuits by a plaintiff who is either a "participant," "beneficiary" or a "fiduciary." *See* 29 U.S.C. § 1132(a)(2); 29 U.S.C. § 1132(a)(3). Plaintiffs here claim standing as ERISA "participants."

■ ERISA defines the term participant to mean "any employee or former employee of an employer, ... who is or may become eligible to receive a benefit of any type from an employee benefit plan ...." 29 U.S.C. § 1002(7). In *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101,

117, 109 S.Ct. 948, 103 L.Ed.2d. 80 (1989), the Supreme Court adopted the definition of participant articulated by the Second Circuit, defining participants as either 'employees in, or reasonably expected to be in, currently covered employment,' or former employees who 'have ... a reasonable expectation of returning to covered employment' or who have 'a colorable claim' to vested benefits. *See Saladino v. I.L.G.W.U. Nat'l Retirement Fund,* 754 F.2d 473, 476 (2d Cir.1985). Thus, to have standing as ERISA participants, Plaintiffs must either be current or former employees. If they fall into the category of former employees, they must have either: (a) a reasonable expectation of returning to covered employment, or (b) a colorable claim to vested benefits. *Id.*

### III. *Disposition of the Motions*

As noted, both Caltagirone and Greenblatt allege standing as ERISA "participants." Defendants argue that neither Plaintiff has standing under ERISA. Caltagirone is stated to lack participant standing because he was never an employee of NYCB nor was he ever a participant in the NYCB Plan. Greenblatt is alleged to lack standing because although she was a NYCB employee at a certain time, she was not an NYCB Plan participant during the Class Period and her retirement account never held shares of NYCB common stock.

■ In light of the definition of participant set forth in the statute and interpreted by the Second Circuit and the Supreme Court, the court must hold that Caltagirone is not an ERISA participant and therefore lacks standing to pursue this matter. Caltagirone was never employed by NYCB. He therefore can neither be characterized as an employee in, or reasonably expected to be in, covered employment, nor as a former employees with any claim for benefits.

Plaintiffs seek to avoid this holding by almost exclusive reliance upon two district court opinions from the Eastern District of Michigan. First, Plaintiffs cite to *Rankin v. Rots,* 220 F.R.D. 511 (E.D.Mich.2004), for the proposition that "if the employer's breach of fiduciary duty causes the employee to either give up his right to benefits or to fail to participate in a plan, then the employee has standing to challenge the fiduciary duty." 220 F.R.D. at 519. Plaintiffs also rely upon *In re CMS Energy Erisa Litigation,* 225 F.R.D. 539 (E.D.Mich.2004), for essentially the same principle. *See id.* at 544 (noting that "a fiduciary could defeat an employee's standing to bring an ERISA action by duping him into giving up his right to participate in the plan. ERISA should not be construed to permit the fiduciary to circumvent his ERISA-imposed fiduciary duty").

The Court need neither accept nor deny the reasoning in these cases because they factually inapposite to this matter. In is clear that the plaintiffs in both *Rankin* and *CMS* were former employees of the companies sponsoring the retirement plans at issue and they both held company stock. The question in those cases was simply whether, as former employees, they had lost standing. Here, it is clear that Plaintiff Caltagirone was never employed by NYCB. Thus, the cases cited have no application.

■ The court's holding with respect to Plaintiff Greenblatt's standing must be deferred at this time. In view of the conflicting information before the court, facts regarding Greenblatt's employment, NYCB Plan participation and her ownership of any NYCB shares, are anything but clear. These facts, which may not be determined in the context of a motion directed to the pleadings, are crucial to determining the issue of Greenblatt's status as an ERISA participant. Accordingly, the motion to

dismiss Greenblatt for lack of standing must be denied.

Because the issue of standing is of a threshold nature, the court will order that discovery be expedited and limited to the issue of Greenblatt's standing. In particular, discovery should be geared toward determining Greenblatt's dates of employment with NYCB, whether her retirement account ever held any stock of NYCB and the particular facts upon which she claims ERISA standing. The parties are directed to contact the Magistrate Judge assigned to this case to enter into an appropriate schedule in accordance with the holdings herein.

## CONCLUSION

For the foregoing reasons, the Court denies the motion for class certification at this time. The motion to dismiss is granted with respect to Plaintiff Caltagirone and is denied with respect to Plaintiff Greenblatt. The parties are directed contact the Magistrate Judge assigned to this case for the purpose of entering into a schedule to pursue discovery limited the issue of Greenblatt's standing as set forth herein. The Clerk of Court is directed to terminate the motion for class certification as well as the motion to dismiss.

SO ORDERED.