Alan WEINER, D.P.M., Plaintiff–Appellant,

v.

KLAIS AND COMPANY, INC., Defendant–Appellee.

No. 96–3135.

United States Court of Appeals, Sixth Circuit.

Argued and Submitted Feb. 6, 1997.

Decided Feb. 26, 1997.

Paul W. Flowers (briefed), Gary B. Garson Company, Cleveland, OH, for Plaintiff–Appellant.

John C. Weisensell (argued and briefed), Amer, Cunningham & Brennan, Akron, OH, for Defendant–Appellee.

Before: KENNEDY, NELSON, and VAN GRAAFEILAND *, Circuit Judges.

KENNEDY, Circuit Judge.

Plaintiff appeals the District Court's dismissal of his complaint alleging violations of the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1001–1461. The District Court found that defendant was not a proper party to the lawsuit. We AFFIRM the dismissal, although on different grounds than the District Court.

## I. Facts

Plaintiff, Dr. Alan Weiner, is a podiatrist who rendered medical services to six participants and/or beneficiaries of five different group health plans sponsored by their respective employers: Malco Products, Inc. Health Benefit Plan, Akron Porcelain and Plastics Company Health Benefit Plan, Portage County Health Benefit Plan, Fairlawn Country Club Health Benefit Plan, and City of Barberton Health Benefit Plan. According to the plan documents, each of the plans is self-funded and administered directly by a Plan Administrator, who is an official of the respective employer. Defendant Klais and Company, Inc. is the Claims Administrator for all of the plans.

The plan participants assigned their rights to benefits under their respective plans to plaintiff. Plaintiff submitted to defendant claims for payments relating to the services

* The Honorable Ellsworth A. Van Graafeiland, Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation.

rendered. Defendant denied the claims, either partially or completely. On August 10, 1995, plaintiff filed a complaint against defendant only. In Count I, plaintiff asserts that defendant denied benefits in violation of the terms of "the Plan".[1] As relief, plaintiff seeks both to recover benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and to have a permanent injunction issued against defendant pursuant to 29 U.S.C. § 1132(a)(3). In Count II, plaintiff alleges that defendant breached its fiduciary duties and that plaintiff is entitled under 29 U.S.C. § 1109 to recover the benefits due under the plan and "to such other equitable or remedial relief deemed appropriate." In Count III, plaintiff claims that defendant has been unjustly enriched to the detriment of plaintiff and seeks payment for the rendered medical services. Finally, in a fourth count, plaintiff seeks a declaration that he is entitled to the benefits claimed under the plans. Plaintiff appears to concede that he never invoked the appeals procedures provided under any of the applicable plans, but he claims that such action would have been futile. Plaintiff asserts that the unpaid benefits amount to approximately $97,000.00.

After filing its Answer, defendant filed in a single document a Motion to Dismiss, a Motion for Judgment on the Pleadings, and a Motion for Summary Judgment. Attached as exhibits to defendant's motion were copies of the relevant plan documents and summary plan descriptions (SPDs), as well as the services agreements between defendant and each employer/plan sponsor. In a November 20, 1995 order, the District Court decided that it would not consider the motion for summary judgment before discovery had been completed and, accordingly, it denied that motion without prejudice. On November 21, 1995, plaintiff submitted a Motion for Leave to File First Amended Complaint, seeking to add each of the plans and their respective plan sponsors as defendants.

On December 22, 1995, defendant's Motion to Dismiss/Motion for Judgment on the Pleadings was granted. The court found

that defendant was not a fiduciary, and it concluded that defendant was not a proper party to the lawsuit. The court dismissed the case without prejudice to its being refiled against the proper parties. The court also denied plaintiff's motion for leave to amend, stating that an amendment would add ten entirely new parties who had not been part of the proceedings thus far and, consequently, would be a "disaster" from a case management standpoint. This timely appeal followed.

## II. Discussion

### A. Standard of Review

We review *de novo* a district court's dismissal of a complaint under FED.R.CIV.P. 12(b)(6). *Taxpayers United for Assessment Cuts v. Austin,* 994 F.2d 291, 296 (6th Cir. 1993). We must read all well-pleaded allegations of the complaint as true. *Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir.1996). "Our review is essentially the same as the district court's; we 'take the plaintiff's factual allegations as true and if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief, then ... dismissal is proper.'" *Forest v. United States Postal Serv.,* 97 F.3d 137, 139 (6th Cir.1996) (quoting *American Eagle Credit Corp. v. Gaskins,* 920 F.2d 352, 353 (6th Cir.1990)). A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir.1993).

### B. Defendant's Exhibits

We first address plaintiff's argument that the District Court inappropriately considered affidavits and exhibits submitted by defendant, because we must determine what materials we may properly consider in our *de novo* review. Matters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss. *See Hammond v. Baldwin,* 866 F.2d 172, 175

---

1. Apparently, at the time the complaint was filed, plaintiff believed that only one plan was involved.

(6th Cir.1989). Defendant attached to its motion to dismiss the plan documents, SPDs, and Benefit Management Services Agreements.[2] In denying defendant's motion for summary judgment, the court held that, in considering defendant's motion for dismissal or for judgment on the pleadings, it would consider "only those exhibits submitted by the defendant which can properly be considered incorporated by reference into the complaint and, thus, a part of the pleadings."

■ FED.R.CIV.P. 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Rule 10(c) is permissive, and a plaintiff is under no obligation to attach to his complaint documents upon which his action is based. *See* 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1327, at 762 (2d ed.1990). However, a defendant may introduce certain pertinent documents if the plaintiff fails to do so. *See Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993); *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir.1991); *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n. 3 (1st Cir.1991); *see also* 5 WRIGHT & MILLER, *supra*, § 1327, at 762–63. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied. *See White Consol. Indus.*, 998 F.2d at 1196. Hence, the Seventh Circuit has held that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993). We believe that this approach is appropriate.

■ Plaintiff references the "plan" numerous times in his complaint. Although plaintiff maintains that the complaint referred only to the "plan" as an entity and not to the "plan documents," his claims are based on rights under the plans which are controlled by the plans' provisions as described in the plan documents. Thus, we will consider the plan documents along with the complaint, because they were incorporated through reference to the plaintiff's rights under the plans, and they are central to plaintiff's claims. We need not decide whether the SPDs should be viewed as part of the complaint since they do not differ from the plans. The services agreements, however, were not mentioned directly or indirectly in the complaint. Even if the District Court relied improperly upon the services agreements, we may affirm on any valid ground, *see Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.*, 772 F.2d 214, 216 (6th Cir.1985), and we will consider only the plan documents in making our determination.

## C. Subject Matter Jurisdiction

Defendant claims that we do not have jurisdiction to hear this case with regard to claims under the Portage County Health Benefit Plan and the City of Barberton Health Benefit Plan, because these plans are "governmental plans." Federal subject matter jurisdiction is granted to cases arising under ERISA pursuant to 29 U.S.C. § 1132(e). Section 4(b) of ERISA excludes application of the Act's provisions to governmental plans. *See* 29 U.S.C. § 1003(b)(1). Section 3(32) defines "governmental plan" as a plan "established or maintained for its employees ... by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the forgoing." *Id.* at § 1002(32).

■ The plan documents disclose that the Portage County and City of Barberton plans are not governed by ERISA. According to the plan documents, Portage County established the Portage County Health Benefit Plan for its employees, and the City of Barberton established the City of Barberton Health Benefit Plan for its employees. Por-

---

**2.** Defendant also submitted an affidavit of its Director of Claims. Plaintiff suggests in his reply brief that defendant is claiming that the court could consider this affidavit in ruling on the 12(b)(6) motion. However, the record shows that defendant submitted this affidavit in support of its motion for summary judgment only. Since the District Court denied the summary judgment motion as premature, we assume that the court did not consider the affidavit in granting the motion to dismiss. Regardless, we will not consider this affidavit in our *de novo* review.

tage County and the City of Barberton are political subdivisions of the State within the meaning of section 3(32) of ERISA, 29 U.S.C. § 1002(32). Therefore, we do not have jurisdiction over causes of action pertaining to these plans.[3]

### D. Settled Claims

Per this Court's request after oral argument, plaintiff informed us in writing that after the District Court dismissed this action, he brought separate suits against the individual plans for recovery of benefits. He tells us that he has settled all claims against the Fairlawn Country Club Health Benefit Plan and the Akron Porcelain and Plastics Company Health Benefit Plan. Moreover, defendant has been released of all liability in connection with these two settlements. We therefore dismiss this appeal as moot in so far as it relates to these two plans. Plaintiff is apparently in the process of settling all claims against the Malco Products, Inc. Health Benefit Plan; it has not agreed to release defendant of all liability with respect to this plan. Therefore, plaintiff's appeal is not entirely moot, and we shall consider his claims as they relate to the Malco Plan.

### E. Breach of ERISA Plan

In Count I of his complaint, plaintiff claims that he is entitled to recover benefits from defendant.[4] Section 502(a)(1) of ERISA permits suits to recover benefits. *See* 29 U.S.C. § 1132(a)(1)(B).[5] However, we have explained that "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metropolitan Life Ins. Co.,* 925 F.2d 979, 986 (6th Cir.1991); *see also Baxter v. C.A. Muer Corp.,* 941 F.2d 451, 453 (6th Cir.1991). Although ERISA does not explicitly require exhaustion, the statute does require benefit plans to provide internal dispute resolution procedures. *See* 29 U.S.C. § 1133(2).[6] "[T]he exhaustion requirement enables plan fiduciaries to 'efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions.' " *Baxter,* 941 F.2d at 453 (quoting *Makar v. Health Care Corp. of Mid–Atlantic,* 872 F.2d 80, 83 (4th Cir.1989)).

The Malco Plan provides for an appeals process. According to the plan document, a claimant must first file a claim for benefits with the Claims Administrator, namely defendant. If the claim is denied, a claimant may seek review by the Plan Administrator, namely the employer/plan sponsor. "The Plan Administrator shall render a full and fair review of the claim and its denial, and shall make a final decision."

Plaintiff appears to concede that he has not exhausted his administrative remedies under the plan. In his complaint, he states that he "has not been advised whether the Plan contains an internal appeal procedure which, in any event, would be futile under the circumstances." Traditional exhaustion principles do include an exception for instances "when resort to the administrative route is futile or the remedy inadequate." *Costanti-*

---

3. Plaintiff contends that we cannot find that the Portage County and City of Barberton plans are governmental plans, because defendant alleged in its counterclaim that both were "employee benefit plan[s] as defined under ERISA." However, a plan may be an "employee benefit plan" and thus fall within the scope of ERISA, but then be excluded from ERISA coverage because it is a governmental plan. Defendant therefore did not concede ERISA coverage and, in any event, we find that the plans are governmental plans.

4. We will assume, as the District Court apparently did, that plaintiff received valid assignments of each of his patients' rights under their respective plans.

5. Section 502(a)(1) of ERISA provides that

A civil action may be brought—
    (1) by a participant or beneficiary—
. . .
    (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]
29 U.S.C. § 1132(a)(1)(B).

6. Specifically, ERISA requires that employee benefit plans "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2).

*no v. TRW, Inc.,* 13 F.3d 969, 974 (6th Cir. 1994).

■ Here, the District Court did not dismiss plaintiff's complaint for failure to exhaust remedies nor did it even consider the issue, although defendant raised the defense in its motion. However, our review is *de novo,* and a decision of a district court must be affirmed if correct for any reason, including a reason not considered by the district court. *See Russ' Kwik Car Wash,* 772 F.2d at 216. We conclude that plaintiff should have exhausted the administrative remedies provided under the plans and, because he did not, dismissal of his action for recovery of benefits is proper. Although he contends that such exhaustion would be futile, he has not alleged any factual basis for this claim. Additionally, he has not alleged a cause of action pursuant to 29 U.S.C. § 1132(c), which permits suits against any plan administrator who fails or refuses to comply with a request for information.

Count I also states a claim for an injunction and "other appropriate equitable relief" under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), which provides a cause of action for statutory violations.[7] Although not expressly alleged in the complaint, plaintiff suggests in his brief that this relief is sought for violations of ERISA section 406, 29 U.S.C. § 1106, which prohibits specific transactions between a plan and its parties in interest. Some circuits have held that the exhaustion requirement does not apply to alleged violations of the statute. *See, e.g., Graphic Communications Union v. GCIU– Employer Retirement Benefit Plan,* 917 F.2d 1184, 1187 (9th Cir.1990). We need not address that question here, however, because plaintiff alleges no facts suggesting that defendant engaged in any prohibited transac-

tions. Indeed, plaintiff does not even mention section 406 in his complaint. Thus, we affirm the dismissal of Count I of plaintiff's complaint.

## F. Breach of Fiduciary Duty

Plaintiff also alleges that defendant has violated its fiduciary duties in failing to act in accordance with ERISA section 404, 29 U.S.C. § 1104, and that he "is entitled to recover the benefits due under the plan" under ERISA section 409, 29 U.S.C. § 1109.[8] Plaintiff also seeks "other equitable or remedial relief" for the alleged violation.

As previously suggested, some courts have held that the exhaustion requirement does not apply to a claim for breach of fiduciary duty, because such a claim involves an alleged violation of the statute, not the plan. *See Graphic Communications Union,* 917 F.2d at 1187. Regardless of whether exhaustion is required for such claims, however, plaintiff here is essentially claiming that defendant breached its fiduciary duty by denying him payments which he was entitled to under the plan. In other words, the basis of this claim is the denial of benefits, which plaintiff had an obligation to appeal before he sued in federal court. Plaintiff cannot get around the exhaustion requirement by simply disguising his claim as a breach of fiduciary duty. *See Drinkwater v. Metropolitan Life Ins.,* 846 F.2d 821, 826 (1st Cir.1988) ("If we were to allow claimants to play this characterization game, then the exhaustion requirement would be rendered meaningless.").

■ Moreover, plaintiff cannot recover in his individual capacity under ERISA section 409. In *Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 140–44, 105 S.Ct. 3085, 3089–91, 87 L.Ed.2d 96 (1985), the Supreme Court held that section 409 and its

---

**7.** Section 502(a)(3) of ERISA provides that a civil action may be brought

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

29 U.S.C. § 1132(a)(3).

**8.** Section 409 provides that a fiduciary who breaches his or her responsibilities

shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a).

companion remedial provision, section 502(a)(2), 29 U.S.C. § 1132(a)(2),[9] provide relief only for a plan and not for individual participants. Thus, a fiduciary who breaches its duties must reimburse the plan, not the individual participants. *See id.* at 140, 105 S.Ct. at 3089. This court has repeatedly held that although an individual may bring a section 409 claim, ERISA does not permit recovery by an individual who claims a breach of fiduciary duty. *See, e.g., Tregoning v. American Community Mut. Ins. Co.,* 12 F.3d 79, 83 (6th Cir.1993); *see also Kuper v. Iovenko,* 66 F.3d 1447, 1452–53 (6th Cir.1995).[10]

### G. Unjust Enrichment & Declaratory Judgment

 Finally, plaintiff argues that even if he has not alleged viable claims under ERISA, he has properly alleged claims against defendant for unjust enrichment and declaratory relief. First, he asserts that Count III sets forth a *federal* common law claim for unjust enrichment, presumably in order to avoid ERISA's broad preemption of state law claims. *See* 29 U.S.C. § 1144(a) ("[T]he provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...."). Courts have recognized that Congress intended for the judiciary to develop and apply a federal common law to actions premised on the contractual obligations created by ERISA plans. *See Whitworth Bros. Storage Co. v. Central States, Southeast and Southwest Areas Pension Fund,* 794 F.2d 221, 235–36 & n. 23 (6th Cir.1986). However, federal common law is developed under ERISA only in those instances in which ERISA is silent or ambiguous. *See Muse v. International Bus. Machs. Corp.,* 103 F.3d 490, 495 (6th Cir.1996), *petition for cert. filed,* 65 U.S.L.W. 3666 (U.S. Mar. 25, 1997). Here, creation of a federal common law of unjust enrichment for plan

beneficiaries seeking to recover benefits under a plan would be inconsistent with ERISA's terms and policies. *See Morales v. Pan Am. Life Ins. Co.,* 914 F.2d 83, 87 (5th Cir.1990). Plaintiff essentially seeks the same relief in Count III as he seeks in Counts I and II, namely the benefits to which he believes he is entitled under the plans. ERISA provides him with a cause of action in § 1132(a)(1)(B).

With regard to Count IV, in which plaintiff seeks declaratory relief, plaintiff has merely asserted a form of relief, not a cause of action. Plaintiff is not entitled to this relief in the absence of a viable claim.

### III. Conclusion

For the foregoing reasons, we AFFIRM.

---

9. Section 502(a)(2) provides that a civil action may be brought "by the Secretary, or by a participant, beneficiary, or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2).

10. In *Varity Corp. v. Howe,* —— U.S. ——, ——––——, 116 S.Ct. 1065, 1076–78, 134 L.Ed.2d 130 (1996), the Supreme Court held that ERISA plan beneficiaries harmed by a breach of fiduciary

duty by their plan administrator may seek equitable relief against the administrator under 29 U.S.C. § 1132(a)(3). However, even though plaintiff could state a claim for equitable relief against defendant, if defendant is in fact a fiduciary, we find that the alleged breach in this case is essentially a denial of benefits and should be dismissed for failure to exhaust administrative remedies.