## Taft J. PERRY, Jr., Plaintiff–Appellant,

### v.

## UNITED PARCEL SERVICE, Defendant–Appellee.

### No. 03–5861.

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2004.

Taft J. Perry, Jr., Nashville, TN, Pro se.

Brian A. Lapps, Monica G. Johnson, Waller, Lansden, Dortch & Davis, Nashville, TN, for Defendant–Appellee.

Before BOGGS, Chief Judge; GUY, Circuit Judge; and HOOD, District Judge.*

### ORDER

This pro se Tennessee litigant appeals a district court judgment dismissing his complaint. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking to recover $550,000 in lost pay, Taft J. Perry, Jr., sued his former employer, United Parcel Service (UPS), alleging that on January 22, 1990, his employment was wrongfully terminated. Perry did not identify any specific state or federal law that was violated with respect to his employment being terminated.

The defendant moved the district court to dismiss Perry's complaint on the

---

* The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

grounds that the complaint identified no legal theory upon which Perry could recover from UPS, and that even if a cognizable theory had been identified, the cause of action would be time-barred. Perry did not move to amend his complaint. The district court subsequently dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that Perry failed to state a claim. Perry appeals that judgment.

The court reviews de novo a district court's decision to dismiss a claim pursuant to Rule 12(b)(6). *Prater v. City of Burnside,* 289 F.3d 417, 424 (6th Cir.), *cert. denied,* 537 U.S. 1018, 123 S.Ct. 550, 154 L.Ed.2d 425 (2002). The court's function is not to weigh the evidence or assess the credibility of witnesses, *Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 88 (6th Cir.1997), but rather to examine the complaint and determine whether the plaintiff has pleaded a cognizable claim. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). The complaint may be dismissed only if the plaintiff has failed to allege facts that, if true, would entitle him to relief. *Buchanan v. Apfel,* 249 F.3d 485, 488 (6th Cir.2001).

Upon review, we conclude that the district court properly dismissed Perry's complaint. The district court properly granted UPS's motion to dismiss because Perry's complaint failed to state a claim. Perry's complaint failed to state a claim because he identified no legal theory upon which relief can be granted. Although a pro se complaint must be held to a less stringent standard than that prepared by an attorney, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the courts have not been willing to abrogate basic pleading essentials in pro se suits. *See Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989). "[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid,* 859 F.2d at 436. A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Id.* at 437. Thus, the less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations. *Id.* A failure to identify a right, privilege or immunity that was violated merits dismissal of the cause of action for failure to state a claim upon which relief can be granted. *See Codd v. Brown,* 949 F.2d 879, 882 (6th Cir.1991).

Perry fails to state a claim. He has wholly failed to identify the source of the rights that forms the basis for his claim against UPS. Perry's complaint contains neither direct nor inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory; rather, the complaint merely alleges that the termination of Perry's employment constituted "wrongful discharge."

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reason set forth in the district court's order of June 10, 2003.