**John W. BOYD, Jr., Plaintiff–Appellant,**

v.

**AMSOUTH BANK, Defendant–Appellee.**

No. 03–5985.

United States Court of Appeals, Sixth Circuit.

March 4, 2004.

John W. Boyd, Jr., Trenton, GA, pro se.

William A. Hullender, Miller & Martin, Chattanooga, TN, for Defendant–Appellee.

Before KENNEDY, ROGERS, and COOK, Circuit Judges.

### ORDER

John W. Boyd, Jr., a Tennessee resident proceeding pro se, appeals a district court judgment dismissing his complaint filed under diversity jurisdiction. *See* 28 U.S.C. § 1332. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Boyd alleged that his former girlfriend stole 19 checks from him and cashed them at AmSouth Bank ("AmSouth") by forging Boyd's signature. On May 29, 2003, Boyd sued AmSouth for illegally charging his account with amounts paid on the forged endorsements. AmSouth moved to dismiss for failure to state a claim, arguing that Boyd's claims were barred by the doctrine of claim preclusion. After a hearing on the motion, the district court dismissed the case as barred by the doctrine of claim preclusion. Boyd has filed a timely appeal.

We review de novo a district court's dismissal of a complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Begala v. PNC Bank, Ohio, Nat'l Ass'n,* 214 F.3d 776, 779 (6th Cir.2000). Dismissal under Rule 12(b)(6) is appropriate where it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998). All of the well-pleaded allegations of the complaint must be treated as true, though we need not accept plaintiff's legal conclusions or draw unwarranted factual inferences. *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405–06 (6th Cir.1998); *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir.1997).

We also review de novo a district court's dismissal of a suit on claim preclusion grounds. *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir.1995). Claim preclusion, or res judicata, bars a subsequent action between the same parties or their privies based upon the same claims or causes of action that were or could have been raised in a prior action. *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Kane,* 71 F.3d at 560.

Upon review, we conclude that the district court properly dismissed Boyd's complaint in the instant action pursuant to the doctrine of claim preclusion. *See Kane,* 71 F.3d at 560. Boyd filed a lawsuit in the Tennessee general sessions court against AmSouth alleging inconvenience arising out of the forged endorsements. The case was dismissed without prejudice. On November 7, 2001, Boyd filed another suit against AmSouth over this same incident in general sessions court claiming that his money was not refunded as quickly as he would have liked for it to have been refunded. The case was tried on February 13, 2002, and judgment was entered for AmSouth. Then, on May 16, 2002, Boyd filed suit in federal court over this same incident. He joined other defendants, some of whom were Tennessee residents. That case was dismissed for lack of subject matter jurisdiction because diversity of citizenship was lacking.

The prior actions and the instant action involve the same parties in that Boyd is the plaintiff and AmSouth is the defendant. In addition, all of Boyd's actions are based upon the same facts, namely the cashing of the forged endorsements. Furthermore, the judgments in Boyd's prior actions constitute an adjudication on the merits for purposes of claim preclusion. Thus, to the extent that the instant action reasserts the same claim as the prior state and federal lawsuits, it is barred by claim preclusion. *See Federated Dep't Stores, Inc.,* 452 U.S. at 398; *Kane,* 71 F.3d at 560.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.