No.  04-4272

File Name:  05a0846n.06

Filed:  October 14, 2005

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

WILLIAM HAMPTON, by and through his    )
  spouse and next friend, Melody Hampton,    )
                                     )
  Plaintiff-Appellant,                   )
                                     )  ON APPEAL FROM THE
     v.                            )  UNITED STATES DISTRICT
                                     )  COURT FOR THE SOUTHERN
DANA CORPORATION,                )  DISTRICT OF OHIO
                                     )
  Defendant-Appellee.                 )

Before:      **NELSON** and **GILMAN**, Circuit Judges, and **DONALD**, District Judge.[*]

      **DAVID A. NELSON**, Circuit Judge.  This case involves a claim that the defendant employer improperly reduced the plaintiff employee's long term disability benefits by the amount of social security benefits to which the employee's children were entitled as a result of his disability.  The district court dismissed the case on the ground that the language of the employer's long term disability plan clearly and unambiguously authorizes the reduction.

      We shall affirm the dismissal of the action.  Because the plan gives the employer discretionary authority to construe plan language, the employer's interpretation of the relevant language is binding if it is reasonable.  Whether or not the language of the plan is

---

[*]The Honorable Bernice Bouie Donald, United States District Judge for the Western District of Tennessee, sitting by designation.

as clear and unambiguous as the district court thought, the language is at least reasonably susceptible of the interpretation given it by the employer. That is enough to entitle the employer to judgment.

I

The plaintiff, William Hampton, was employed by the defendant, Dana Corporation, for nearly 35 years. In February of 2000 Mr. Hampton was found to be totally disabled within the meaning of Dana's Long Term Disability Benefits Plan, an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Dana began to pay Mr. Hampton monthly benefits as required by the plan.

The plan provided that monthly benefits would be reduced by "the amount of any Primary and Family Social Security Benefits for which the Employee is . . . eligible."[1] In reliance on that provision, Dana reduced Mr. Hampton's benefits by the sum of (1) the disability insurance benefits to which Hampton was entitled under the social security laws and (2) the insurance benefits under those laws to which his children were entitled.

---

[1]The plan may be considered as a part of the pleadings in this case because it was referred to in Mr. Hampton's complaint, it is central to Hampton's claims, and it was attached to Dana's motion to dismiss. See *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

Through his wife, Mr. Hampton complained to the company about the reduction of his plan benefits by the amount of the social security benefits to which his children were entitled. Dana made no written response, but it informed Mrs. Hampton that it calculated other employees' benefits in the same way that it calculated Mr. Hampton's benefits.

Thereafter, acting on behalf of himself and others similarly situated, Mr. Hampton sued Dana in federal court under 29 U.S.C. § 1132(a)(1)(B). He alleged that Dana's reduction of monthly benefits by the amount of social security benefits payable to employees' children resulted in a denial of benefits due under the terms of the plan.

Dana moved to dismiss the complaint under Rule 12(b)(6), Fed. R. Civ. P. The district court granted the motion, holding that "the Plan language clearly and unambiguously authorizes Dana Corporation to reduce payment of long term disability benefits by the amount of benefits received by plaintiff's family members based on his disability." This appeal followed.

II

A district court's decision to dismiss a complaint under Rule 12(b)(6) is reviewed de novo. See *Amini v. Oberlin College*, 259 F.3d 493, 497 (6th Cir. 2001). We may affirm on any ground supported by the record. See *City of Monroe Employees Retirement System v. Bridgestone Corp.*, 399 F.3d 651, 665 (6th Cir. 2005), *petition for cert. filed*, No. 04-170 (Aug. 1, 2005).

Where an ERISA plan gives its administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan," the administrator's benefit determinations must not be disturbed unless they are arbitrary and capricious. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Williams v. International Paper Co.*, 227 F.3d 706, 710-11 (6th Cir. 2000). Dana's plan gives the company "the power to interpret the Plan and to decide any and all matters arising hereunder; including but not limited to the right to remedy possible ambiguities . . . by general rule or particular decision; provided, that all such interpretations and decisions shall be applied in a uniform and nondiscriminatory manner . . . ."[2] It is undisputed that this language grants Dana the discretionary authority contemplated by the Supreme Court in *Firestone*.

The question that we view as dispositive in this case is whether Dana acted arbitrarily and capriciously by interpreting the plan so as to allow reduction of plan benefits by the amount of social security benefits payable to employees' children. Dana's interpretation is not arbitrary and capricious if it is "rational in light of the plan's provisions." *Williams*, 227 F.3d at 712 (internal quotation marks omitted).

Mr. Hampton argues that Dana's interpretation is unreasonable because social security benefits that are payable to an employee's children are not social security benefits "for which the Employee is . . . eligible." Only the child is "eligible" for child's insurance benefits,

---

[2]The plan also provides that "any interpretations and decisions made by [Dana] shall be final, conclusive and binding upon any persons who have or who claim to have any interest in or under the Plan."

Hampton says, and such benefits are therefore outside the scope of the plan language authorizing reductions of monthly benefits.

Mr. Hampton relies on a Third Circuit case dealing with a similar dispute. See *In re Unisys Corp. Long-term Disability Plan ERISA Litigation*, 97 F.3d 710 (3d Cir. 1996). Plan language at issue in *Unisys* provided that an employee's long term disability benefits could be reduced "if you [*i.e.*, the employee] receive . . . disability income from other sources, such as Social Security . . . ." *Id.* at 715. The Third Circuit held that this language did not permit reduction of an employee's plan benefits by the amount of social security benefits received by the employee's dependents. See *id.* at 716-17.

The *Unisys* case is distinguishable from the case at bar in two important respects. First, the Unisys plan referred to benefits "you receive," and the Third Circuit's decision turned largely on a determination that disabled employees do not "receive" their dependents' social security benefits. See *id.* The Dana plan, on the other hand, refers to benefits for which an employee is "eligible." *Unisys* does not say whether a disabled employee may be "eligible," in some sense, for social security benefits that are payable to his or her children.

Second, the Unisys plan referred to "disability income from other sources, such as Social Security," without specifically mentioning dependents' social security benefits. This was significant because, as the Third Circuit held, a long term disability plan "must specify whether" primary benefits, dependent benefits, or both "are to be offset from plan benefits." *Id.* at 716. The Dana plan differs substantially from the Unisys plan in that the Dana plan

refers to "Primary and Family Social Security benefits" as potential offsets from plan benefits.

Given these important differences, the *Unisys* decision is not directly on point here. "Social Security income that the employee receives," to paraphrase the plan language in *Unisys*, might very well require a narrower interpretation than "Primary and Family Social Security benefits for which the Employee is . . . eligible."

Focusing on the particular language of the Dana plan, we think it is reasonable to interpret "Primary and Family Social Security benefits for which the Employee is . . . eligible" as including a child's insurance benefits. As the district court noted, a child's benefits are awarded "on the basis of the employee's eligibility" for disability insurance benefits. It is not too much of a stretch, in our view, to say that the disabled employee is "eligible" for "Family" benefits that are payable to his or her children.

Logic strongly supports this interpretation. The purpose of the plan is to replace income that is lost because of the employee's disability. Logically, any offsets from plan benefits should correspond to other benefits that are awarded for the same purpose. It makes good sense, therefore, to interpret "Family Social Security benefits for which the Employee is . . . eligible" as meaning benefits to which family members are entitled because of the employee's disability — and not, for example, benefits to which the employee is entitled because of the disability of some other family member. The plan's purpose would be

disserved if monthly benefits were reduced by the amount of social security benefits that were awarded for reasons other than the employee's disability.

We need not decide whether Dana's interpretation of the plan language is the only permissible interpretation. For the reasons stated above, we are satisfied that Dana interpreted the plan rationally. Accordingly, Dana's benefits determinations must not be disturbed. The dismissal of Mr. Hampton's action is **AFFIRMED**.