**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
)
)
DAVID STRUMSKY,                          )
     **Plaintiff,**                      )
)
     **v.**                              )     **Civil Case No. 10-1798 (RCL)**
)
WASHINGTON POST COMPANY,                 )
     **Defendant.**                      )
)
_____ )

**MEMORANDUM OPINION**

Before the Court is defendant Washington Post Company's Motion [4] to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Upon consideration of defendant's Motion [4], plaintiff's opposition [7], defendant's reply [8], the applicable law, and the entire record in this case, the Court will GRANT defendant's Motion.  The Court will explain its reasoning in the analysis that follows.

## I.     FACTUAL BACKGROUND

The facts alleged in the complaint are taken as true for purposes of this Motion to dismiss.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Plaintiff David Strumsky was employed by the Washington Post newspaper, a wholly-owned subsidiary of defendant Washington Post Company ("Post"), as a machinist from 1987 through July 15, 2009.  Plaintiff is a participant in the Washington Post Pension Plan for Craft Union Employees ("Craft Plan") consistent with the terms of a collective bargaining agreement between his union and the newspaper.

1

In 2009, the Post offered certain eligible employees, including the plaintiff, the opportunity to participate in a special early retirement program, called the Voluntary Retirement Incentive Program for Washington Post Machinists ("VRIP"), contingent on an employee enrolling prior to June 30, 2009. Plaintiff alleges that he orally contacted Post personnel to accept the VRIP prior to June 30, 2009, but admits that he did not return the required enrollment documentation by the June 30 deadline. After the deadline, plaintiff contacted the Post to enroll in the VRIP, but the Post advised plaintiff that he had missed the enrollment deadline.

On September 28, 2010, the plaintiff filed a complaint in the District of Columbia Superior Court against the Post alleging that the Post wrongfully denied him special retirement benefits when he failed to timely enroll in the VRIP. Plaintiff pleads four counts in his complaint. Count I alleges a statutory violation of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, et seq. Counts II, III, and IV state common law theories of liability: breach of contract, breach of fiduciary duty, and promissory estoppel, respectively. On October 25, 2010, the Post removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441. The Post now moves to dismiss plaintiff's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

## II.    LEGAL STANDARD

A motion to dismiss is appropriate when a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To overcome this hurdle, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). The

Court must "accept as true all of the factual allegations contained in the complaint," *Atherton v. District of Columbia*, 567 F.3d 672, 681 (D.C. Cir. 2009), and grant a plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the Court may not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Id.* In other words, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *see also Atherton*, 567 F.3d at 681.

Generally, when a court relies upon matters outside the pleadings, a motion to dismiss must be treated as one for summary judgment and disposed of pursuant to Rule 56. *See* Fed. R. Civ. P. 12(d). "However, where a document is referred to in the complaint and is central to the plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment." *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 Fed. Appx. 4 (D.C. Cir. 2002) (citing *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). In such event, "the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." 11 James Wm. Moore et al., *Moore's Federal Practice* § 56.30[4] (3d ed. 1998); *see, e.g.*, *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, a document need not be mentioned by name to be considered "referred to" or "incorporated by reference" into the complaint. *See Weiner*, 108 F.3d at 89.

Here, plaintiff's entire complaint centers on the retirement benefits that he contends he is entitled to receive under the VRIP. Hence, plaintiff cannot claim that the VRIP Notice is not referred to in the complaint. Moreover, the VRIP cannot be considered alone without the Craft Plan's applicable provisions or the Summary Plan Description because these additional documents form the basis for the relief the plaintiff seeks. Therefore, defendant's attachments to its Motion to dismiss can be properly considered by the Court without converting defendant's motion into one for summary judgment. *See, e.g.*, *Nat'l Shopmen Pension Fund v. Disa*, 583 F. Supp. 2d 95, 99 (D.D.C. 2008).

## III.    STATUTORY FRAMEWORK

The Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., was enacted as a comprehensive regulation of private employee benefit plans for the purpose of protecting their participants and beneficiaries. *See Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). ERISA applies to any "employee benefit plan" that is established or maintained by an employer engaged in commerce. 29 U.S.C. § 1003(a). An "employee benefit plan" includes an "employee pension benefit plan." 29 U.S.C. § 1002(2)(A). An "employee pension benefit plan" is "any plan, fund, or program" which is "established or maintained by an employer" that "provides retirement income." *Id.*

Congress intended for ERISA to be expansive. With minor exceptions, state law relating to employee benefit plans is preempted by ERISA. *Pilot Life Ins.*, 481 U.S. at 54. ERISA's preemption clause explicitly states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. § 1144(a). A state law cause of action "relates" to an ERISA plan when it makes reference to, or is premised upon, the existence of a plan, or requires a court to focus its inquiry on the plan in order to resolve the

4

claim.  *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140 (1990); *Pilot Life Ins.*, 481 U.S. at 54.  ERISA's preemption provision was enacted to "ensure that employee benefit plan regulation would be 'exclusively a federal concern.'"  *Aetna* Health, 542 U.S. at 208 (citation omitted).  Therefore, any state law cause of action that "duplicates, supplements, or supplants [an] ERISA civil enforcement remedy" is preempted.  *Id.* at 209.

## IV.  ANALYSIS

### A.  Count I

Plaintiff alleges in his complaint that the benefits described in the VRIP were pursuant to a "program," Compl. ¶ 4, established by his employer, *id.* ¶¶ 3, 4, that provided "retirement benefits," *id.* ¶¶ 15, 21, 26, 30.  Accordingly, plaintiff has alleged all essential elements of ERISA coverage in this case.  Furthermore, the documents attached to defendant's Motion to dismiss establish that the benefits described in the VRIP Notice are pension benefits to which ERISA applies.   See Def.'s Mot. to Dismiss [4] Ex. 1, at 4; *id.* Ex. 2; *id.* Ex. 3, at 10.  Nonetheless, in his response to the defendant's Motion to dismiss, the plaintiff voluntarily dismisses his ERISA claim under Count I, which is the plaintiff's only federal claim in the complaint.  Pl.'s Opp. [7] at 2 n.1.  This Court has discretion to decline to exercise supplemental jurisdiction over plaintiff's remaining common law claims because the claim over which the Court had original jurisdiction has been dismissed.  *See* 28 U.S.C. § 1367(c)(3).  However, the sufficiency of the remaining counts in plaintiff's complaint turns on the issue of whether these claims are preempted by ERISA.  As this preemption issue is a federal question, the Court will address defendant's Motion to dismiss as to the remaining counts in the complaint.  *See* 28 U.S.C. § 1331.

**B. Counts II, III, and IV**

In Counts II, III, and IV, plaintiff asserts state common law claims of breach of contract, breach of fiduciary duty, and promissory estoppel, respectively. The plaintiff's entire complaint focuses on the retirement benefits described in the VRIP Notice, and each common law cause of action claims that those benefits were wrongfully denied. Each claim seeks a declaration that plaintiff is entitled to the special retirement benefits provided by the VRIP amendments to the Craft Plan. These causes of action all clearly attempt to "duplicate, supplement, or supplant" section 502(a)(1)(B) of ERISA's civil enforcement scheme which governs claims for benefits. The Court therefore finds that Counts II, III, and IV of the complaint are preempted by ERISA and are accordingly dismissed.

**V.     CONCLUSION**

For the foregoing reasons, the Court concludes that on all counts, the plaintiff has failed to state a claim on which relief may be granted pursuant to Rule 12(b)(6). The Court will therefore GRANT defendant's Motion [4] to dismiss and will dismiss the plaintiff's complaint with prejudice. A separate Order consistent with this Memorandum Opinion will issue this date.

Signed by Royce C. Lamberth, United States District Judge, on February 7, 2012.