**Terry L. DAY, Plaintiff,**

v.

**NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION, et al., Defendants.**

**Case No. 1:13cv547.**

United States District Court, S.D. Ohio, Western Division.

Signed March 31, 2014.

---

F. Harrison Green, F. Harrison Green Co. LPA, Cincinnati, OH, for Plaintiff.

Basil W. Mangano, Joseph J. Guarino, III, Mangano Law Offices Co., LPA, Cleveland, OH, Ryan Keith Hymore, Mangano Law Offices Co., LPA, Cincinnati, OH, for Defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

SUSAN J. DLOTT, Chief Judge.

This matter is before the Court on Defendant Butler County Electrical Joint Apprentice and Training Committee's Motion to Dismiss Plaintiff's Second, Third, and Fourth Causes of Action. (Doc. 13.) For the reasons that follow, the motion is GRANTED.

## I. BACKGROUND

From September of 2010 through March 5, 2012, Plaintiff was employed as an apprentice electrician through the National Electrical Contractors Association, International Brotherhood of Electrical Workers Local # 648, and Butler County Electrical Joint Apprentice and Training Committee. (Doc. 1, Page ID 4.) As a result of an injury sustained prior to his employment, Plaintiff suffers from obstructive bowel syndrome, permanent nerve damage, and hypertension, which Plaintiff claims he disclosed at the time of his hire. (*Id.*)

Plaintiff indicates that he sought and received accommodations for excused absences relating to his disability during the first year of his training program. (*Id.*) Despite the excused absences, Plaintiff claims that he made sufficient progress in the performance of his duties and completed all homework assignments with passing grades. (*Id.* at Page ID 5.) However, during the second year of his training, Plaintiff claims that he was informed by Defendants that he would not be entitled to any excused absences. (*Id.*) Plaintiff attempted to use the Family Medical Leave Act for the purpose of receiving relief from his disability. (*Id.*) On March 5, 2012, Defendants informed plaintiff that it was his last day of work, citing his unexcused absences. (*Id.*) According to Plaintiff, Defendants made accommodations for other employees who performed duties as apprentice electricians. (*Id.*)

Based on the above facts, Plaintiff brings five causes of action. In causes of action one and five, Plaintiff alleges that Defendants violated the Americans with Disabilities Act. In his second and third causes of action, Plaintiff brings wrongful

termination and intentional infliction of emotional distress claims under Ohio law. In the fourth cause of action, Plaintiff alleges a violation of sections 501 and 504 of the Rehabilitation Act of 1973.

Defendant Butler County moves to dismiss causes of action two, three and four pursuant to Fed.R.Civ.P. 12(b)(6).[1] (Doc. 13.)

## II. ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R.Civ.P. 12(b)(6). A district court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir.1997). However, this tenet is inapplicable to legal conclusions, or legal conclusions couched as factual allegations, which are not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

To withstand a dismissal motion, a complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[T]he complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Havard v. Wayne Cty.*, 436 Fed.Appx. 451, 457 (6th Cir.2011) (internal quotation or citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. The Court does not require "heightened fact pleading

of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

### A. Wrongful Termination in Violation of Public Policy

In his second cause of action, Plaintiff brings an Ohio tort claim of wrongful termination in violation of public policy. (Doc. 1, Page ID 6.) Plaintiff contends that his termination violates the public policy embodied in the Americans with Disabilities Act of 1990(ADA). *See id.* In its motion to dismiss, Defendant argues that Plaintiff's claim is foreclosed under Ohio law because the remedies provided by the ADA are sufficient to protect against violations of public policy. (Doc. 13, Page ID 42–43.) In response, Plaintiff concedes that a plaintiff may not sustain a wrongful termination claim where alternative remedies are available, but argues that Defendant's motion to dismiss is premature. According to Plaintiff, the Court should not dismiss his wrongful termination claim until the Court decides whether his claims under the ADA are viable. (Doc. 16, Page ID 56.)

■ Under Ohio law, a claim of wrongful termination requires a plaintiff to prove the following four elements:

(1) a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law; (2) in general, dismissing employees under

---

1. The motion to dismiss was initially filed by defendants Butler County Electrical Joint Apprentice and Training Committee and the International Brotherhood of Electrical Workers Local # 648. On December 28, 2013, defendant International Brotherhood of Electrical Workers Local # 648 was terminated as a defendant in this matter.

circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy; (3) the plaintiff's dismissal was motivated by conduct related to the public policy; and (4) the employer did not have a justifiable legitimate business justification for the dismissal.

*Wiles v. Medina Auto Parts,* 96 Ohio St.3d 240, 773 N.E.2d 526, 529–30 (2002) (citations and quotation marks omitted). With regard to the second element, that dismissing a wrongful termination claim would jeopardize public policy, a plaintiff must also show that there is no other remedy available. As the Ohio Supreme Court has noted:

An analysis of the jeopardy element necessarily involves inquiring into the existence of any alternative means of promoting the particular public policy to be vindicated by a common-law wrongful discharge claim. Where, as here, the sole source of the public policy opposing the discharge is a statute that provides the substantive right *and* remedies for its breach, the issue of adequacy of remedies becomes a particularly important component of the jeopardy analysis. If the statute that establishes the public policy contains its own remedies, it is less likely that tort liability is necessary to prevent dismissals from interfering with realizing the statutory policy. Simply put, there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests.

*Wiles,* 773 N.E.2d at 531 (internal citations and quotation marks omitted). *See also Carrasco v. NOAMTC Inc.,* 124 Fed.Appx. 297, 304 (6th Cir.2004).

██ As both parties acknowledge, "[i]t is well-established that wrongful discharge in violation of state public policy claims fail where other statutes provide adequate protection and remedies." *Chenzira v. Cincinnati Children's Hosp. Med. Center,* No. 1:11–cv–917, 2012 WL 6721098, at \*4 (S.D.Ohio Dec. 27, 2012). In this case, Plaintiff bases his wrongful termination claim on the allegation that his termination violated the ADA. Because the ADA provides an available remedy to Plaintiff he cannot bring the same claim under Ohio common law. *See Carrasco,* 124 Fed. Appx. at 304 ("Because Carrasco has a remedy available to him under both Title VII and the OCRA, we find that he cannot have that same claim under Ohio common law"). *See also Schirmer v. Enerfab, Inc.,* No. 1:04–CV–345, 2006 WL 2612894, \*13–14 (S.D.Ohio Sept. 8, 2006) (finding barred a public policy claim premised on a violation of the ADA); *Barton v. Air Express Intern. USA, Inc.,* No. 1:06–cv–1885, 2007 WL 851882, at \*2 (N.D.Ohio Mar. 19, 2007) (dismissing public policy claim where plaintiff had adequate remedies under the ADA, as well as O.R.C. § 4112 and Title VII); *Dillbeck v. Huntington Nat'l Bank,* No. 2:03–CV–0689, 2005 WL 1266690, at \*7 (S.D.Ohio May 26, 2005) (holding that "[t]he statutory remedies that exist under the ADA and O.R.C. § 4112 are adequate to protect society's interest in discouraging employers from engaging in discrimination and further provide sufficient compensation to the victims of such discrimination"); *Kolcun v. Nationwide Ins. Co.,* No. C2–04–cv–1079, 2006 WL 1447299, at \*10 (S.D.Ohio May 24, 2006) (same).

Nevertheless, Plaintiff takes the position that the Court should not find his public policy claim foreclosed before determining the viability of his ADA claim. For support, Plaintiff cites *Carrasco,* arguing that prior to finding the plaintiff's public policy claims to be barred in that case, the Sixth Circuit first determined that the plaintiff had set forth a *prima facie* case on his alternate remedies under Title VII and OCRA. While the Sixth Circuit did make such a finding, it did not premise its deter-

mination that the plaintiff was foreclosed from bringing a wrongful termination claim on plaintiff's ability to prove a *prima facie* case under Title VII and OCRA. *See Rusnak v. Dollar General Corp., Inc.,* No. 1:04–cv–313, 2006 WL 2709765, at *9 (S.D.Ohio Sept. 20, 2006) ("Furthermore, it is clear from *Carrasco* that a public policy claim is barred if there are adequate remedies for the plaintiff under other statutes, not just the statute under which the plaintiff elected to proceed."); *Curry v. Consolidated Coal Co.,* No. 2:03–cv–1053, 2005 WL 1159410, at *4 (S.D.Ohio May 17, 2005) ("In essence, then, *Carrasco* requires the Court to examine the adequacy of remedies available under other statutes, not just the adequacy of remedies available under the specific statute that plaintiff elected to proceed under.").

Because Plaintiff has adequate remedies available under the ADA, he is unable to bring the same claim under Ohio's wrongful termination in violation of public policy tort. Accordingly, Defendant's motion to dismiss is granted with respect to Plaintiff's second cause of action.

## B. Intentional Infliction of Emotional Distress

Plaintiff brings a claim of intentional infliction of emotional distress in his third cause of action. Defendant moves to dismiss Plaintiff's claim on the ground that his allegations fall short of extreme and outrageous conduct. According to Defendant, Plaintiff's allegations all stem from Plaintiff's alleged wrongful termination, which Defendant argues is insufficient as a matter of law. (Doc. 13, Page ID 43–44.) Plaintiff acknowledges that in order to succeed on his claim, he must prove something more than a discriminatory firing. Plaintiff contends that "[t]he something more in the immediate case are the false hopes and misleading expectations Defendant gave to Plaintiff before destroying his future." (Doc. 16, Page ID 58.) Plaintiff

contends that the complaint contains ample allegations such that any reasonable person would find Defendant's behavior abhorrent and "extreme and outrageous." (*Id.*)

After review of the complaint in this case, the Court finds Defendant's motion well-taken. Under Ohio law, a claim of intentional infliction of emotional distress requires a plaintiff to prove:

(1) that the actor intended to cause emotional distress or knew or should have known that his actions would result in serious emotional distress to the plaintiff; (2) that the conduct complained of has been so outrageous in character and extreme in degree as to go beyond all bounds of decency; (3) that the conduct proximately caused the plaintiff's injury; and (4) that the mental anguish suffered by the plaintiff is serious and of a nature that no reasonable person could be expected to endure it.

*Ashcroft v. Mt. Sinai Medical Ctr.,* 68 Ohio App.3d 359, 588 N.E.2d 280, 284 (1990). *See also Yeager v. Local Union 20 of Teamsters,* 6 Ohio St.3d 369, 453 N.E.2d 666 (1983), *overturned on other grounds by Welling v. Weinfeld,* 113 Ohio St.3d 464, 866 N.E.2d 1051 (2007). "[T]o say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement." *Baab v. AMR Servs. Corp.,* 811 F.Supp. 1246, 1269 (N.D.Ohio Jan. 6, 1993) (citing *Anthony v. TRW, Inc.,* 726 F.Supp. 175, 181 (N.D.Ohio May 8, 1989) ("Ohio courts have stringently applied the intentional infliction standards in employment actions.")). Accordingly, liability for intentional infliction of emotional distress "has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yeager,* 453 N.E.2d at 671. "[A]n employ-

ee's termination, even if based upon discrimination, does not rise to the level of 'extreme and outrageous conduct' without proof of something more. If such were not true, then every discrimination claim would simultaneously become a cause of action for the intentional infliction of emotional distress." *Godfredson v. Hess & Clark, Inc.,* 173 F.3d 365, 376 (6th Cir. 1999).

■ In this case, the Court agrees with Defendant that Plaintiff has failed to state a claim for intentional infliction of emotional distress. First, Plaintiff failed to allege any facts amounting to extreme and outrageous conduct. Plaintiff's claim is premised on his alleged discriminatory firing. (*See* Doc. 1, Page ID 7 ("Defendants ... knew, or should have known that its actions, mainly terminating Plaintiff's employment, would cause emotional distress.").) To the extent that the complaint alleges something more—that Defendant knew about Plaintiff's disability at the time of his hire, tacitly communicated to Plaintiff that he could continue his apprenticeship despite his disability, and provided him with a negative work record—the Court finds that these allegations do not amount to extreme and outrageous conduct. *See Subbramanian v. Cincinnati Children's Hosp. Med. Center,* No. 1:12–cv–701, 2013 WL 5487283, at *3 (S.D.Ohio Sept. 29, 2013) (collecting examples of allegations falling short of establishing extreme and outrageous conduct).

■ Second, even if the Court could find that Defendant's behavior was extreme and outrageous, the complaint fails to allege that Plaintiff has suffered serious emotional distress. Serious emotional distress requires a showing that "a reasonable, normally constituted person would be unable to cope adequately with the mental distress generated by the case's circumstances." *Godfredson,* 173 F.3d at 376. "The term serious goes beyond a trifling mental disturbance, mere upset, or hurt feelings, as it describes an emotional injury which is both severe and debilitating." *Id.* (internal citation and quotation marks omitted). *See also Paugh v. Hanks,* 6 Ohio St.3d 72, 451 N.E.2d 759, 765 (1983) ("A non-exhaustive litany of some examples of serious emotional distress should include traumatically induced neurosis, psychosis, chronic depression, or phobia.").

Plaintiff's only allegation regarding his emotional distress is that "Plaintiff has suffered financial losses, resulting in mental anguish." (Doc. 1, Page ID 7.) Plaintiff's conclusory allegation is insufficient to survive a motion to dismiss. *See, e.g., Ault v. Medina Med. Investors, LLC,* No. 1:06–cv–1113, 2007 WL 81853, at *16–17 (N.D.Ohio Jan. 8, 2007) (finding that the bare assertion that plaintiff "has suffered and continues to suffer severe emotional distress," to be insufficient to satisfy the serious emotional distress element); *Cf. Mathur v. Meriam Process Techs.,* No. 1:10–CV–00121, 2010 WL 3211875, at *3 (finding that the plaintiffs failed to allege serious emotional distress because "[a]lthough the loss of employment and medical insurance may be interpreted as severe, a reasonable person should be expected to endure that pain.") (Report and Recommendation), *adopted by* 2010 WL 3211872 (N.D.Ohio Aug. 11, 2010).

Having found that the complaint fails to set forth a plausible claim for intentional infliction of emotional distress, Defendant's motion to dismiss is granted with respect Plaintiff's third cause of action.[2]

---

**2.** To the extent that Plaintiff intends to bring a negative infliction of emotional distress claim, the claim is hereby dismissed. As argued by Defendant, under Ohio law negligent inflic-tion of emotional distress is limited to instances where a plaintiff has either witnessed or experienced a dangerous accident, or appreci-

 

## C. Rehabilitation Act

Finally, Defendant moves to dismiss Plaintiff's cause of action brought under the Rehabilitation Act. (Doc. 7.) Defendant argues that dismissal is appropriate because Plaintiff's complaint fails to allege that it received federal funds. (*Id.* at Page ID 45.)

In order to state a claim for relief under the Rehabilitation Act, Plaintiff must allege that he is or perceived to be handicapped as defined by the Act, that he is otherwise qualified for the job, and that he was discriminated against on the basis of his disability. *Andrews v. State of Ohio,* 104 F.3d 803, 807 (6th Cir.1997). In addition, Plaintiff must allege that Defendant receives federal funds. *Id.*

As argued by Defendant, Plaintiff did not raise that allegation in his complaint. Although Plaintiff states that Defendant has received federal assistance in response to Defendant's motion to dismiss, the Court may not consider matters beyond the face of the complaint in reviewing a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *See Chasteen v. Jackson,* No. 1:09–cv–413, 2011 WL 797404, at *4 (S.D.Ohio Feb. 28, 2011) (citing *Kostrzewa v. City of Troy,* 247 F.3d 633, 643 (6th Cir.2001)). In the absence of any such allegation, Plaintiff has failed to state a claim upon with relief may be granted. Defendant's motion to dismiss is therefore granted with respect to Plaintiff's Rehabilitation Act claim. However, Plaintiff is granted leave to file an Amended Complaint addressing this factual deficiency within fourteen days.

## III. Conclusion

For the reasons stated above, the Defendant's motion to dismiss (Doc. 13) is hereby **GRANTED.**

IT IS SO ORDERED.

---

ated an actual physical peril. *Long v. Time Ins. Co.,* 572 F.Supp.2d 907, 913 (S.D.Ohio 2008) (citing *Heiner v. Moretuzzo,* 73 Ohio St.3d 80, 652 N.E.2d 664 (1995)). Plaintiff has alleged no facts in the Complaint with respect to an accident or fear of physical peril.